United States District Court
Southern District of Texas
**ENTERED**
December 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEVEN E. DEMPSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-203 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

In October 2020, Plaintiff Steven E. Dempsey filed his Original Petition and Request for Temporary Restraining Order in Texas state court. (Petition, Doc. 1-1, 8) Defendant Deutsche Bank National Trust Company removed to federal court (Notice of Removal, Doc. 1), and Dempsey now moves to remand. (Motion, Doc. 5) Having considered the Motion, the parties' briefing, and the applicable law, the Court concludes that diversity jurisdiction exists in this matter and that remand would be improper.

### I. Allegations and Procedural History[1]

In 2004, Dempsey executed a promissory note for $95,000 for his home in Laguna Vista, Texas. (Petition, Doc. 1-1, 9—10) The current holder of the note is Deutsche Bank. (*Id.* at 10) After years of making regular payments, Dempsey experienced financial difficulties and received a loan modification. (*Id.*) Dempsey remained behind on a few payments, and he alleges that Deutsche Bank refused to take late payments, did not respond to a hardship letter, did not provide a payoff amount for a potential sale, refused to negotiate on a cure, and failed to follow the Texas

---

[1] When considering a motion to remand, the court accepts all relevant allegations contained in the complaint as true and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1163—64 (5th Cir. 1988).

Property Code in the foreclosure on the home. (*Id.* at 10—11)

In October 2020, Dempsey filed his Original Petition and Request for Temporary Restraining Order in Texas state court. (*Id.* at 8) He brought suit against Defendant Deutsche Bank National Trust Company and against Julie Martin, as substitute trustee. (*Id.* at 8—9) However, his allegations are entirely focused on Deutsche Bank; Dempsey fails to allege any wrongful act by Martin. (*Id.* at 9—11)

Deutsche Bank removed the matter to federal court, contending that it is a national banking association that maintains its main office in California. (Notice of Removal, Doc. 1, 3)

Dempsey requests remand to state court, arguing that diversity jurisdiction under 28 U.S.C. § 1332 does not exist because "several Defendants are citizens of Texas" and the amount in controversy is less than $75,000. (Motion to Remand, Doc. 5, 2) He also contends that the presence of a Texas defendant prohibits removal under 28 U.S.C. § 1441(b)(2). (*Id.*)

## II. Analysis

### A. Legal Standard

A defendant may remove a case to federal district court only if that court would have had original jurisdiction. 28 U.S.C. § 1441(a). "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different states". 28 U.S.C. § 1332(a)—(a)(1). Complete diversity must exist, which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Assoc.*, 771 F.3d 843, 847 (5th Cir. 2014) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)). In addition, a case otherwise removable solely based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The removal statute is construed narrowly, with any doubt construed against removal and in favor of remand. *See*

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Dempsey argues that "[s]everal Defendants are citizens of Texas", destroying complete diversity and forbidding removal as Texas is the state where the suit was filed. (Motion to Remand, Doc. 5, 2) He also argues that the requisite amount in controversy does not exist in this lawsuit.

### B. Diversity

It is undisputed that Dempsey is a citizen of Texas for purpose of the jurisdictional analysis. Thus, the dispositive question is whether a properly served defendant is also a citizen of this state. Based on the submitted evidence, the Court concludes that no properly joined Defendant is a citizen of Texas.

First, Dempsey does not refute Deutsche Bank's position that it is a national banking association with its main office in California. As a national banking association, Deutsche Bank's citizenship is determined solely by the location of its main office, as designated in its articles of association. 28 USC § 1348; *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357–58 (5th Cir. 2017) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)). As a result, Deutsche Bank is a citizen of California for purposes of diversity jurisdiction.

Second, the citizenship of substitute trustee Martin can be disregarded for purposes of determining citizenship for jurisdictional purposes. A court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy". *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Parties are nominal for removal purposes if "in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Acosta v. Master Maint. &*

*Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). To show that "non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar Cty. Bd. of Trs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549–50 (5th Cir. Unit A Dec. 1981)).

Similarly, a "narrow exception" to the rule for complete diversity allows courts to disregard the citizenship of improperly joined parties. *Vaillancourt*, 771 F.3d at 847. To establish that a plaintiff improperly joined a party, the removing defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant." *Id.* (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). A court performs a 12(b)(6)-type analysis to determine whether the plaintiff can establish a cause of action against the non-diverse party in state court. *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 277 (5th Cir. 2014). If so, then the non-diverse party is properly joined. But if the claims against the non-diverse party would be subject to summary dismissal, the court can disregard the non-diverse party's citizenship. *See, e.g., Cervantes v. Ocwen Loan Servicing, L.L.C.*, 749 Fed. App'x 242, 245 (5th Cir. 2018) ("[The Plaintiff] failed to state a claim against [the substitute trustee], so the district court was correct to conclude he was improperly joined."); *Vaillancourt*, 771 F.3d at 848 (concluding that a substitute trustee was improperly joined); *Rojas*, 571 Fed. App'x at 277 ("[The Plaintiff] does not provide any allegations that [the substitute trustee] was acting in bad faith, and therefore has no reasonable basis for recovery.").

Under either the nominal-party or the improper-joinder analysis, the crux of the review is whether Dempsey's allegations establish a viable cause of action against Martin. They do not. Dempsey does not allege that Martin has any claim or interest to the promissory note or the property at issue, or that she committed any act or omission that could give rise to a claim for

4 / 6

damages against her, whether under the Texas Property Code or any of the relevant contracts. Dempsey's allegations make clear that he included Martin as a defendant solely because Martin is the substitute trustee, and not because of any alleged wrongful conduct by Martin. Dempsey's allegations demonstrate that he has not alleged a cognizable cause of action against Martin.

Because Martin is merely a nominal party or, alternatively, is improperly joined, her citizenship can be disregarded for the jurisdictional analysis. As Dempsey is a Texas resident, and Deutsche Bank's citizenship lies in California, complete diversity exists among the real parties to this lawsuit. In addition, 28 U.S.C. § 1441(b)(2) does not preclude removal as Deutsche Bank is not a citizen of the state where this suit was filed.

### C. Amount in Controversy

For the purpose of the jurisdictional review, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). When the plaintiff does not specify any amount of alleged damages, as in the present case, the defendant—here, Deutsche Bank—bears the burden to establish "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In addition, when a lawsuit primarily seeks injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Leninger v. Leninger*, 705 F.2d 727, 729 (5th Cir. 1983). More specifically, if a plaintiff seeks to prevent or rescind the foreclosure of property, the amount in controversy is the value of the property that is the object of the litigation. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (stating that in declaratory or injunctive actions seeking to stop a foreclosure sale of property, "it is well established that the amount in controversy is measured by the value of the object of the litigation") (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

The promissory note that Dempsey signed, and which was secured by the property at issue, was for $95,000. (Petition, Doc. 1-1, 9—10) Dempsey alleges that he had two buyers willing to purchase the property for $165,00. (*Id.* at 10) Deutsche Bank submits evidence demonstrating that the property appraises at $167,002. (Appraisal, Doc. 1-1, 31) Based on this record, the Court finds that the preponderance of the evidence establishes that the value of the property and, as a result, the amount in controversy, exceeds $75,000 and satisfies the amount-in-controversy requirement for diversity jurisdiction.

### III. Conclusion

For these reasons, it is:

**ORDERED** that the Plaintiff's Motion to Remand (Doc. 5) is **DENIED**.

SIGNED this 16th day of December, 2020.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge